**UNITED STATES DISTRICT COURT**                                          JS-6
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

Case No.    **CV 22-950-JFW (JEMx)**                          Date: May 24, 2022

Title:        Wendy Neyra, et al. -*v*- Mercedes-Benz USA, LLC

**PRESENT:**
        **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

        **Shannon Reilly**                              **None Present**
        **Courtroom Deputy**                            **Court Reporter**

**ATTORNEYS PRESENT FOR PLAINTIFFS:**        **ATTORNEYS PRESENT FOR DEFENDANTS:**
                None                                            None

**PROCEEDINGS (IN CHAMBERS):        ORDER STRIKING PLAINTIFFS' SECOND AMENDED
                                    COMPLAINT [Docket No. 29]**

                                    **ORDER GRANTING MOTION TO DISMISS
                                    PLAINTIFF'S FIRST AMENDED COMPLAINT [filed
                                    5/5/22; Docket No. 27]**

        On May 5, 2022, Defendant Mercedes-Benz USA, LLC ("Defendant") filed a Motion to Dismiss Plaintiff's First Amended Complaint.  ("Motion").  Plaintiffs Wendy Neyra and Minerva Leyva ("Plaintiffs") did not file an Opposition.  On May 23, 2022 Defendant filed a Notice of Non-Opposition to Motion to Dismiss and Request to Disregard Plaintiff's Untimely and Improperly Filed Second Amended Complaint ("Notice of Non-Opposition").  (Docket No. 31).  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for June 6, 2022 is hereby vacated and the matter taken off calendar. After considering the moving papers, and the arguments therein, the Court rules as follows:

**I.        RELEVANT PROCEDURAL BACKGROUND & PLAINTIFF'S NON-OPPOSITION**

        On February 11, 2022 Plaintiffs filed a Complaint.  (Docket No. 1).  On March 10, 2022 the parties filed a Stipulation to Extend Defendant Mercedes-Benz USA, LLC's Time to Respond to the Complaint.  (Docket No. 13).  On March 11, 2022, the Court signed the Order extending the time to respond to April 9, 2022.  (Docket No. 19).  On April 6, 2022, Plaintiffs filed a First Amended Complaint ("FAC").  (Docket No. 20).  On May 5, 2022, Defendant filed a Motion to Dismiss the FAC, and noticed the Motion for hearing on June 6, 2022.  Although Plaintiffs' Opposition to the Motion was due on May 16, 2022, Plaintiffs instead filed a Second Amended Complaint ("SAC") without Defendant's consent or a Court Order granting leave to file an amended complaint by

                        Page 1 of  4                        Initials of Deputy Clerk __sr_

Federal Rule of Civil Procedure 15(a)(2).  On May 17, 2022 the Clerk issued a Notice to Filer of Deficiencies, noting that Plaintiffs could not file the SAC without leave of Court and warning that the Court may order the document stricken.  (Docket No. 30).  On May 23, 2022 Defendant filed a Notice of Non-Opposition and requested that the Court disregard Plaintiff's improperly filed SAC and grant Defendant's Motion.  (Docket No. 31).

Fed. R. Civ. P. 15(a) provides several distinct methods by which a plaintiff may amend her complaint–-"once" under 15(a)(1) as "a matter of course," and then subsequently, only with consent of the parties or leave of Court under 15(a)(2).  *Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1006-08 (9th Cir. 2015).  Because Plaintiffs filed their FAC "as a matter of course" under Rule 15(a)(1) on April 6, 2022, any subsequent amended pleadings were subject to Rule 15(a)(2) and required either Defendant's consent or leave of Court.  Accordingly, the Court **STRIKES** Plaintiffs' Second Amended Complaint.

Pursuant to Local Rule 7-9, Plaintiffs were required to file and serve their Opposition or Notice of Non-Opposition "not later than twenty-one (21) days before the date designated for the hearing of the motion."  *See* Local Rule 7-9.  Local Rule 7-12 provides that "[t]he failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting . . . of the motion."  *See* Local Rule 7-12.  As of May 23, 2022, Plaintiffs have not filed an Opposition to Defendant's Motion.  Pursuant to Local Rule 7-12, the Court deems Plaintiff's failure to file an Opposition or to otherwise comply with Local Rule 7-9 as consent to the granting of Defendant's Motion, and thus **GRANTS** Defendant's Motion.

II.    **DEFENDANT'S MOTION TO DISMISS**

The Court also agrees with Defendant that Plaintiffs' breach of express and implied warranty claims under the Song-Beverly Consumer Warranty Act ("Song-Beverly Act" or "Act") should be dismissed on the merits pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint.  "A Rule 12(b)(6) dismissal is proper only where there is either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'"  *Summit Technology, Inc. v. High-Line Medical Instruments Co., Inc.*, 922 F. Supp. 299, 304 (C.D. Cal. 1996) (*quoting Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988)).  However, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and alterations omitted).  "[F]actual allegations must be enough to raise a right to relief above the speculative level."  *Id.*

In deciding a motion to dismiss, a court must accept as true the allegations of the complaint and must construe those allegations in the light most favorable to the nonmoving party.  *See, e.g., Wyler Summit Partnership v. Turner Broadcasting System, Inc.*, 135 F.3d 658, 661 (9th Cir. 1998).  "However, a court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations."  *Summit Technology*, 922 F. Supp. at 304 (citing *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981) *cert. denied*, 454 U.S. 1031 (1981)).

Initials of Deputy Clerk  _sr_

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990) (citations omitted).  However, a court may consider material which is properly submitted as part of the complaint and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201 without converting the motion to dismiss into a motion for summary judgment.  *See, e.g., id*.; *Branch v. Tunnel*, 14 F.3d 449, 454 (9th Cir. 1994).

Where a motion to dismiss is granted, a district court must decide whether to grant leave to amend.  Generally, the Ninth Circuit has a liberal policy favoring amendments and, thus, leave to amend should be freely granted.  *See, e.g., DeSoto v. Yellow Freight System, Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).  However, a Court does not need to grant leave to amend in cases where the Court determines that permitting a plaintiff to amend would be an exercise in futility.  *See, e.g., Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile.").

Under the Song-Beverly Act's "lemon law" or "refund or replace" provisions, a consumer may sue an automobile manufacturer who does not repair a  "new motor vehicle" to conform to an express warranty.  Cal. Civ. Code § 1793.2.  The Act's definition of  "new motor vehicle" includes "a dealer-owned vehicle and a demonstrator or other motor vehicle sold with a manufacturer's new car warranty." § 1793.22(e)(2).  Plaintiffs' claims relate to their purchase of a used 2019 Mercedes-Benz A220 (the "vehicle") from a third party used car dealership, CarMax Auto Superstores California, LLC ("CarMax").  At the time of purchase, Plaintiffs allege that the vehicle was still under a written warranty issued by Defendant and thus qualifies as a "new motor vehicle" under 1793.22(e)(2), and that Defendant failed to repair the vehicle in accordances with its obligations.  The day after Plaintiffs filed their FAC, however, a court of appeal issued a ruling in *Rodriguez v. FCA US., LLC*, 77 Cal. App. 5th 209 (2022).  In *Rodriguez*, the court held that purchasers of used vehicles lacked standing to bring claims under the Song-Beverly Act against automobile manufacturers because the "refund or replace" express warranty provisions applied only to new motor vehicles.  *Robert Fish v. Tesla*, 2022 WL 1552137 at *10 (C.D. Cal. May 12, 2022).  The court specifically held that a used vehicle sold while still under warranty was not covered by the section 1793.2 of Song-Beverly Act and rejected any contrary interpretation of the statute.  77 Cal. App. 5th at 390.  "Used vehicles 'accompanied by some balance of the original warranty' [like Plaintiffs' vehicle] are not "new motor vehicles" under the Song-Beverly Act."  *Id.* (*citing Rodriguez,* 77 Cal. App. 5th at 390).  The Court thus concludes that under *Rodriguez*, Plaintiffs lack standing to bring a breach of express warranty claim because Plaintiffs' used vehicle does not meet the definition of a "new motor vehicle" under the Song-Beverly Act.

Plaintiffs also asserts a breach of implied warranty claim under the Song-Beverly Act.  The Act provides that every sale of consumer goods is accompanied by an implied warranty.  While the Act defines consumer goods as "new" products, Civil Code § 1791(a), section 1795.5 expands this provision to cover used goods that are accompanied by express warranties.  The party responsible for the implied warranty, however, is not the original manufacturer, but rather the third party distributor or retailer who sold the good. *Johnson v. Nissan N. America, Inc.*, 272 F. Supp.3d 1168 (N.D. Cal 2017); *Nunez v. FCA US, LLC,* 61 Cal. App. 5th 385, 399 (2021); *Kiluk v. Mercedes-Benz, LLC*,  43 Cal. App.5th 334, 339-40 (2019).  Plaintiffs do not allege they purchased the car

Initials of Deputy Clerk __sr__

from Defendant, the manufacturer, and accordingly, Defendant cannot be liable for any breach of implied warranty claim under the Song-Beverly Act.

Because Plaintiffs are unable to state claims for breach of express or implied warranty under the Song-Beverly Act as a matter of law, the Court concludes that granting leave to amend would be futile.  Accordingly, Defendants' Motion is **GRANTED**.  Plaintiff's First Amended Complaint is **DISMISSED without leave to amend** and the action is **DISMISSED with prejudice**.

IT IS SO ORDERED.

Initials of Deputy Clerk _sr_